Ríos, Petitioner and Appellee, *v.* Rosaly, Contestant and Appellant.

Appeal from the District Court of Ponce in an Action for Administration.

No. 1958.—Decided June 19, 1919.

Administration—Support—Notice.—In this case one of the heirs appealed from the order of the district court granting temporary support to the widow of the ancestor and attacks the division on the ground, among others, that another of the heirs was not notified of the original motion. *Held:* That failure to notify the other heir does not affect the appellant heir.

Id.—Id.—Procedure.—It is true that section 84 of the Act relating to Special Legal Proceedings provides that claims for temporary support shall be governed by the procedure provided for actions of unlawful detainer, but the law undoubtedly refers to independent proceedings and not to those prosecuted as incidental to actions for administration or divorce, for example.

Id.—Id.—Hearing—Notice—Prejudice.—A district court does not commit error in hearing a motion for temporary support on the same day on which notice was given to the appellant of the affidavits supporting it. The appellant was not prejudiced.

Id.—Id.—In accordance with section 217 of the Revised Civil Code, the district

court erred in ordering the payment as temporary support of debts incurred prior to filing the petition. Support shall not begin until the date on which a petition therefor is made.

ID.—ID.—When the court allows temporary support to the heirs, legatees or surviving spouse it should be paid, as a general rule, out of the income of the estate and should not exceed the amount which corresponds to them as the net products of the properties to which they may be entitled.

The facts are stated in the opinion.

*Messrs. José* and *Alberto Poventud* for the appellant.

*Mr. José Tous Soto* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The District Court of Ponce granted a petition for support presented by Matilde Ríos Ovalle, widow of Rosaly, and one of the heirs of Rosaly appealed from that decision to the Supreme Court, assigning in his brief five errors which we shall analyze in the order followed.

1. The appellant maintains that the court erred "in entering the order appealed from without notifying or hearing Claudia Rosaly, one of the persons interested." The record discloses that Manuel. Rosaly died in Barcelona, Spain, in 1917, leaving a closed will. At the instance of Eulalio Rosaly, one of the heirs, the District Court of Ponce opened the will and ordered that it be protocoled according to law. The heirs could not come to an agreement for the partition of the estate and the court appointed Antonio Morales Lebrón as administrator. At this stage, the widow, Matilde Ríos Ovalle, appeared in the administration proceeding and presented the petition for support which originated this appeal. Notice of the petition for support was given to José A. Poventud, as attorney for Eulalio and Claudia Rosaly, and to the administrator. Attorney Poventud appeared and opposed the petition in behalf of Eulalio Rosaly, alleging that he had ceased to represent Claudia Rosaly. The first ground of opposition consisted of that very failure to give notice of the petition to Claudia Rosaly and was based on section 50 of the Act relating to Special Legal Proceedings, which reads as follows:

"Section 50.—On the petition of an interested party the judge may make an order, after notice to the administrator and other interested parties, that from the income of the estate payments be made to the heirs, legatees and to the surviving spouse for their support, in amounts proportioned to their shares as net income of the property to which they may be entitled. The judge shall fix the amount and the time when the administrator shall make such payments."

The appellee maintains that it was sufficient to give notice to the administrator; that in any event notice was given to Poventud who was the attorney of record for both Eulalio and Claudia Rosaly; that if it be admitted that Poventud had ceased to be the attorney for Claudia Rosaly when the administrator was appointed, as Claudia Rosaly did not appear in the subsequent proceedings it must be admitted also that she was not entitled to notice, and lastly, that if Claudia, Rosaly considered herself affected by the order of the court, it was incumbent upon her and not upon Eulalio Rosaly to appeal and raise that question.

In fact the appeal in this case was taken by Eulalio Rosaly and consequently we do not feel obliged to decide the question raised. The failure to notify Claudia Rosaly, assuming that she was not notified, does not affect the other heir, Eulalio Rosaly, the appellant.

2. The appellant alleges that "the court erred in entering the order appealed from without following the procedure of an action of unlawful detainer." We do not agree with the appellant. It is true that section 84 of the Act relating to Special Legal Proceedings provides that claims for temporary maintenance shall be governed by the procedure provided for actions of unlawful detainer, but the statute undoubtedly refers to independent proceedings and not to incidental proceedings in cases of administration or divorce, for example, as in this case. See *Julbe* v. *Guzmán,* 14 P. R. R. 36. The decision of this court in *Molinari* v. *López*

*Acosta,* 20 P. R. R. 477, is not incompatible with the foregoing doctrine.

3. The appellant alleges that the third error was committed by the court in not allowing him the legal period for objecting to the affidavits of the petitioner, which were filed on the day of the hearing on the petition for support.

The appellant alleges that the petition was filed, notice was given to him and the hearing was held on July 30, 1918. Although this is true, it is also true that the record shows that in December, 1917, Matilde Ríos petitioned for an allowance for her support because she had no property or income and depended for her maintenance upon the rents and products of the estate of Rosaly; that the said petition was set for a hearing on January 14, 1918, of which the parties were given notice, and was again set for July 2, 1918, when it was postponed until the 15th of the same month; that on July 2, 1918, Matilde Ríos moved that the *de facto* administrator, Eulalio Rosaly, the appellant here, who was one of the defendants, be substituted by the administrator appointed by the court, Morales Lebrón, and that on July 30, 1918, the new petition for support was presented accompanied by affidavits. On July 31 the district court took its regular vacation for a period of two months.

Section 317 of the Code of Civil Procedure on which appellant relies, refers to notice of a motion and not to time for objecting to affidavits. The time fixed may be waived by the party benefited and here the party in fact waived it by appearing and taking part in the hearing on the petition. Besides, it has not been shown that the appellant was prejudiced thereby. For six months he had known of the claim of Matilde Ríos. The petition of July, 1918, was substantially the same as that of December, 1917. That Eulalio Rosaly and his attorney were acquainted with all of the details of the matter is shown by the motion in opposition. And if to all this be added the special nature of the petition for support and the fact that its not being heard on July 30

imported its being left pending for two months longer, it must be concluded that the district court did not commit the error assigned by the appellant. Furthermore, as we shall see in the discussion of the fourth assignment, it will be unnecessary to take the said affidavits into account for the decision of the matter.

4. The fourth error is assigned by appellant as follows: "The lower court erred in directing in the order appealed from that the administrator pay to the widow, the petitioner, 'to be charged to her share in the community property and in the estate,' the sum of $1,374.25, and that he pay to her the sum of $75 monthly, to be likewise charged; the error consisting in not directing that the said sums be paid out of the income of the estate and in not limiting the payment to the amount which may correspond to the widow as the net income."

In our judgment this assignment of error by the appellant is correct. It covers two points.

A. The district court did not limit itself to fixing a certain allowance for support, but ordered the administrator to pay $1,374.25, consisting of $700 which the widow had borrowed from the Crédito y Ahorro Ponceño and $674.25 which the widow had taken in provisions and cash from José Rodríguez Colón, facts which were sought to be proved by the affidavits to which we have just referred. As stated by Matilde Ríos in her petition of July 30, 1918, the loan of $700 by the Crédito y Ahorro Ponceño was made before the death of her husband, and the amount owing to Rodríguez was made up of small purchases covering the period from July 24, 1917, to May 30, 1918.

Section 217 of the Revised Civil Code provides that the obligation to support may be claimed from the time the person having a right thereto shall require such support, but shall not begin until the date on which a petition therefor is made. And Manresa, commenting on section 148 of the

Spanish Civil Code, similar to section 217 of our code, expresses himself as follows:

"The antecedents of this section are, as to its first part, section 74 of the Law of Civil Marriage, and section 1614 of the Law of Procedure as to its second part, it being also in accord with section 145 of the Italian Civil Code, section 184 of the Portuguese Civil Code, section 331 of that of Chili, section 1863 of that of Saxony and section 370 of the Civil Code of the Argentine Republic.

"Section 74 of the Law of Civil Marriage provided that the obligation to give support was exigible from the time the person entitled to it was in need of it; but was silent as to the time when it should begin to be provided in the event that the donee should not claim support until some time after his necessity arose, and this silence of the law raised the doubt of whether or not a claim for support could be retrospective.

"Jurisprudence settled this difficulty to the effect that support was due only from the time it was demanded, and in accordance therewith the ancient rule has been added that support will not be allowed except from the time the demand for it is made. Support responds to a pressing necessity, in the absence of which it would not be demandable, and the law presumes that such necessity does not exist until it is claimed in court." 1 Manresa, Spanish Civil Code, 654.

Supposing that the sums indicated could be included within the meaning of support, it appears that the debt with the bank was contracted long before even the first petition for support was made and that the account with the merchant was opened six months before the widow first petitioned for support, and although it covers a period of four months after said first petition, the items corresponding to the two periods are not specified. We should say here also that although it does not appear that the first petition was acted on by the court, it is stated by the petitioner herself in her last petition that she had been receiving an allowance of fifty dollars monthly for her support from the person in charge of the estate.

Furthermore, as the circumstances of the case are in-

voked to justify the haste in the ruling on the petition, that same haste should have served as a basis for discarding from the decision of the court all that was not clearly included in the meaning of provisional support.

The law gives creditors means for collecting their accounts.

This being so, the order appealed from should be modified by excluding the payment of the $1,374.25 referred to and ordering that the allowance of $75 monthly be paid from July 30, 1918.

B. Section 50 of the Special Legal Proceedings Act clearly prescribes that the judge may order that from the *income of the estate* payments be made to the surviving spouse for her support, *in an amount proportioned* to her share *as net income* of the property to which she may be entitled. We are of the opinion that this being the law that governs the case, the order below should be modified also to agree with its provisions.

5. The fifth assignment is of no importance. It refers to the introduction of certain evidence. The evidence in question was an account rendered by the appellant himself on April 30, 1919, to the persons interested in the said estate and we see no reason why the appellant should object to its being offered in evidence by the petitioner so that the court could consider it as one of the factors to determine the amount of the estate and of its income in order to correctly fix the amount of the allowance.

6. For all of the foregoing we are of the opinion that the order appealed from should be affirmed, but modified in the manner indicated in the discussion of the fourth assignment of error.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.